# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Jack C. Conroy,**<br>Petitioner<br>-vs-<br>**United States Marshal, et al.,**<br>Respondents | CV-08-0182-PHX-MHM (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2241** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Maricopa County Jail at Phoenix, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on January 29, 2008 (#1). On July 25, 2008 Respondent Arpaio filed his Joinder (#22) in an Answer and Motion to Dismiss filed by the United States Marshal Service (#13). On September 5, 2008, Respondent Gonzalez, United States Marshal, filed an Answer and Motion to Dismiss or in the alternative Motion for Summary Judgment (#31), incorporating by reference the prior response by the United States Marshal Service (#13). On August 11, 2008, Petitioner filed his Reply (#25) to Respondent Arpaio's Answer. On October 14, 2008, Petitioner filed his Response (#37) to Respondent Gonzalez' Motion for Summary Judgment.

In addition, on August 11, 2008, Petitioner filed a Motion for Transfer to Federal Custody (#27). No response to that motion has been filed.

The Petitioner's Petition and Motion to Transfer are now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

**Federal Prosecution** - On April 6, 2001, Petitioner was sentenced in the Distrcit Court for the District of Arizona to time served and three years supervised release on bank larceny charges. (CR-00-0994-PHX-SMM, #25.)  Subsequently, a petition for violation of the terms of his supervised release was filed, and an arrest warrant was issued. (*Id.* at #29 & 30.)  Petitioner was in state custody, and accordingly the United States Marshals Service (USMS) began issuing federal detainers to the various state jurisdictions who were detaining Petitioner.  These included detainers issued on April 23, 2002, March 16, 2004 (Response, #25 at Exh. 1),  and May 1, 2007.

**State Custody** - Upon issuance of the original federal detainer on April 23, 2002, Petitioner was in custody at the Maricopa County Jail. On July 18, 2002, he was sentenced by the state court to serve a 2.5 year sentence for forgery. (Petition, #1, Memorandum at 2.) On August 2, 2002, he was transferred to the custody of the Arizona Department of Corrections (ADOC). On October 29, 2003, and despite the federal detainer, ADOC released Petitioner.

On March 16, 2004, Petitioner was arrested by the Tempe Police Department, and the USMS issued a new federal detainer.  On November 17, 2005, Petitioner was sentenced to 28 years. Petitioner was eventually again returned to ADOC, who acknowledged the federal detainer on December 23, 2005. On March 20, 2007, Petitioner's sentence was set aside in a post-conviction relief proceeding.  The trial court found that Petitioner's plea was not knowingly and voluntarily made, and thus set aside the sentence and reinstated the original charges.  The state is currently appealing that ruling.

On April 10, 2007, Petitioner was transferred to the Maricopa County Jail to face new charges for sexual assault and kidnapping.  His state sentence expired on May 1, 2007, and a new federal detainer was issued to the Maricopa County Jail.  Petitioner remains

incarcerated at the Maricopa County Jail.[1]

## B. PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner instituted this proceeding by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 29, 2008 (#1). Petitioner asserts he is held pursuant to the judgment in CR-00-0994-PHX-SMM, and the federal detainer, and has been held exclusively under that detainer since March 20, 2007, when his state sentence was set aside. Petitioner raises the following four grounds for relief:

1. **Expired Probation** - Petitioner argues that he was sentenced to 18 months "probation" and that he has served 1,964 days in state custody, and that 285 of those days, beginning March 10, 2007, were "as a result of the Federal Detainer." (#1 at 5.)

2. **Due Process** - Petitioner argues that his detention pursuant to the federal detainer is a violation of due process because he was not provided a hearing before "his liberty was taken by the Federal Detainer." (*Id.*)

3. **Right to Counsel** - Petitioner argues that his right to counsel has been denied because he was not provided counsel while awaiting a probation violation hearing. (*Id.* at 6.)

4. **Rule 8 Violation** - Finally, Petitioner argues that he has been denied a "Rule 8 Hearing."[2]  (*Id.* at 7.)

**Responses** - On May 30, 2008, the United States Marshal Service filed an Answer and Motion to Dismiss or in the alternative Motion for Summary Judgment (#13) asserting that

---

[1] Much of the factual and procedural background is based upon undocumented information provided in the Answer filed May 3, 2008 (#13). 28 U.S.C. § 2248 provides: "[t]he allegations of a return to the writ of habeas corpus or an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

[2] Presumably, Petitioner refers to a speedy trial hearing pursuant to Arizona Rule of Criminal Procedure 8.1 *et seq.*.

Petitioner was not in custody pursuant to the federal detainer, but was held pursuant to state prosecutions, and that any challenge to his custody pursuant to his federal conviction could only be filed under 28 U.S.C. § 2255.

On June 2, 2008, Respondent Arpaio filed a joinder (#14) in the USMS Motion to Dismiss (#13). Because that joinder did not extend to joining in the Answer, and in light of the service order precluding a dispositive motion in lieu of an answer, this filing was stricken. (Order 7/1/8, #19.) In response, on July 25, 2008, Respondent Arpaio joined in the Answer and Motion to Dismiss filed by the USMS.

On September 5, 2008, the undersigned noted that the proper respondent was not the United States Marshals Service, but David Gonzalez, the United States Marshal. Consequently, a response by Respondent Gonzalez was ordered (#30). On September 5, 2008, Respondent Gonzalez filed an response (#31), adopting the Answer and Motion to Dismiss or in the alternative Motion for Summary Judgment (#13) previously filed on behalf of the United States Marshal Service.

**Replies** - On June 17, 2008, Petitioner filed his "Response" (#17) to the USMS Answer and Motion to Dismiss. Petitioner argues that his plea agreement in CV-00-0994-PHX-SMM stipulated to a maximum of 18 months of "probation". He argues that the only justification for his detention since the March 20, 2007 vacating of his sentence has been the federal detainer, and that he has been afforded no hearings or counsel to justify his detention under the federal sentence. Petitioner provides copies of correspondence with his public defender in the state proceedings, advising that Petitioner was being held at the county jail pending a resolution of the appeal of the vacating of his state sentence. (#17, Exh. A.)

On October 14, 2008, Petitioner filed his Response (#32) to Respondent Gonzalez' Motion for Summary Judgment (#31). Petitioner again argues that there is no basis for his being held by the State of Arizona, and thus he is held only pursuant to the Federal Detainer.

**Motion to Transfer** - On August 11, 2008, petitioner filed a Motion for Request for Transfer (#27), seeking to be transferred to federal custody to answer the charges of violation of his supervised release. Respondents have not responded to this motion.

### III. APPLICATION OF LAW TO FACTS

**<u>Petition</u>** - To the extent that Petitioner challenges any detention or action in relation to his federal conviction (e.g. that his supervised release term has expired), he may not do so by a petition pursuant to 28 U.S.C. § 2241. "In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Lorensten v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). While the statute provides an exception where the § 2255 motion "is inadequate or ineffective to test the legality of his detention", 28 U.S.C. § 2255, Petitioner fails to establish that such a motion is insufficient to address any objection he may have to his federal proceedings or the federal detainer. The same is not true to the extent that Petitioner is challenging his detention by state authorities. *See White v. Lambert*, 370 F.3d 1002 (9th Cir. 2004) (recognizing that 28 U.S.C. § 2254 does not establish a procedure separate from § 2241, but merely imposes limitation on relief under § 2241 where the prisoner is "in custody pursuant to the *judgement* of a State court"). Here, Petitioner's Petition attempts to straddle the two, and thus names the Sheriff and the U.S. Marshal.

Petitioner's entire Petition is based on the premise that the vacating of his state conviction terminated the state's right to detain him, and thus his subsequent and current incarceration must be as a result of the federal detainer. However, the vacating of Petitioner's sentence did not amount to a dismissal of those criminal proceedings nor a discharge of Petitioner from state custody. Rather, the trial court simply found Petitioner's plea was not knowingly and intelligently made, set aside the sentence and ordered the original charges reinstated. (Response #32,Exh. 4,  M.E. 3/20/7.) As Petitioner was advised by his defense counsel, because there was no longer a conviction, ADOC no longer had "jurisdiction over you to hold you, even though we are in the appeal process." (Response, #17, Exh. A., Letter 10/16/07.) Nonetheless, because the original charges were reinstated, Petitioner is in the shoes of any other criminal defendant standing accused of a crime. Accordingly, the state court has repeatedly directed that Petitioner be held in state custody at  the county jail. (Answer, #13 at Exh. 1, Orders of Detention). Thus, Petitioner is being detained by state

authorities, and not federal authorities.

None of Petitioner's ground for relief establish any impropriety with regard to his state custody as a pretrial detainee. In Ground 1, he simply argues that his federal supervised release has expired. In Grounds 2, 3, and 4, he argues that he has been denied various procedural rights by the federal court with regard to the imagined federal detention. None of these arguments apply to his state pretrial detention. Accordingly, Petitioner's Petition is without merit and should be denied.

**Motion to Transfer** - Petitioner has moved for a transfer to federal custody to initiate his challenges to the alleged violation of his supervised release. Because the Petition must be denied, any request for preliminary relief is moot. To the extent that Petitioner simply seeks to obtain a hearing on his pending federal proceedings, he fails to establish any grounds for habeas relief. Rather, any such relief should be sought within his federal criminal proceeding.

**Dispositive Motions** - In addition to answering, Respondents have moved to dismiss or in the alternative for summary judgment. Habeas proceedings are, by their nature, presumptively summary proceedings. *See* Rules Governing Section 2254 Cases, Rule 8 (determination whether hearing required) and Rule 1 (rules applicable to § 2241 proceedings). In light of the determination of the merits of the Petition, these motions are moot.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed January 29, 2008 (#1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Petitioner's Motion for Request for Transfer, filed August 11, 2008 (#27) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Respondent's Motion to Dismiss, filed August 11, 2008 (#32) be **DENIED** as moot.

**IT IS FURTHER ORDERED** that Respondents' Motion for Summary Judgment,

1 | filed August 11, 2008 (#32) be **DENIED** as moot.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: March 6, 2009

S:\Civil Cases\Active Cases\Conroy 2-08CV0182\08-0182-001z RR 09 03 04 ox HC.wpd

JAY R. IRWIN
United States Magistrate Judge