1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                      FOR THE DISTRICT OF ARIZONA
8
9    JACK C. CONROY,                    )    No. CV 08-0182-PHX-MHM (JRI)
                                        )
10              Petitioner,             )    **ORDER**
                                        )
11   vs.                                )
                                        )
12                                      )
     UNITED STATES MARSHAL, et al.,     )
13                                      )
                                        )
14              Respondents.            )
                                        )
15   _____)

16
17           Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §
18   2254 on January 29, 2008, claiming (1) that he is being held pursuant to federal detainers
19   issued by the U.S. Marshals Service on April 23, 2002 and March 16, 2004, (2) that his
20   detention thereunder is a violation of due process, (3) that he has been denied his right to
21   counsel, and (4) that he was denied a "Rule 8 Hearing," presumably a speedy trial hearing
22   pursuant to Arizona Rule of Criminal Procedure 8.1 *et seq*.  (Dkt. #1).  On May 30, 2008,
23   the U.S. Marshals Service filed an Answer and Motion to Dismiss or in the alternative
24   Motion for Summary Judgment, asserting that Petitioner was not in custody pursuant to a
25   federal detainer, but was held pursuant to state prosecutions, and that any challenge to his
26   custody could only be filed under 28 U.S.C. § 2255.  (Dkt. #13).  Defendant Arpaio filed
27   a proper Joinder to the Answer and Motion to Dismiss filed by the U.S. Marshals Service
28   on July 25, 2008.  (Dkt. #22).  In addition, on August 11, 2008, Petitioner filed a Motion

1    for Request for Transfer, seeking to be transferred to federal custody to answer charges of

2    violation of his supervised release.  (Dkt. #27).  On March 6, 2009, the Magistrate Judge

3    issued his Report and Recommendation recommending that the petition be dismissed for

4    failing to establish any grounds for habeas relief and the Motion to Transfer be denied as

5    moot.  (Dkt. #38).

6         In his Report and Recommendation the Magistrate Judge advised the parties that

7    they had ten (10) days from the date of service of a copy of the Report and

8    Recommendation within which to file specific written objections with the Court.  The

9    time to file such objections has since expired and no objections to the Report and

10   Recommendation have been filed.  Failure to timely file objections to any factual or legal

11   determination of the Magistrate Judge may be considered a waiver of a party's right to *de*

12   *novo* consideration of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121

13   (9th Cir. 2003) (en banc) ("The district judge must review the magistrate judge's findings

14   and recommendations de novo if objection is made, but not otherwise."); see 28 U.S.C. §

15   636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions

16   of the report or specified proposed findings or recommendations to which objection is

17   made."); Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000) ("Failure to object to a

18   magistrate judge's recommendation waives all objections to the judge's findings of fact.").

19        After a complete and independent review of the issues presented, the Court finds

20   itself in agreement with the Report and Recommendation of the Magistrate Judge.  To the

21   extent that Petitioner challenges any detention or action in relation to his federal

22   conviction, he may not do so pursuant to 28 U.S.C. § 2255, not 28 U.S.C. § 2241.  See

23   Lorensten v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).  In addition, Petitioner fails to

24   establish that § 2255 is insufficient to address any objection he may have to his federal

25   proceedings or the federal detainers.  To the extent that Petitioner challenges his detention

26   by state authorities, although Petitioner's original sentence was vacated after the trial

27   court found that Petitioner's plea was not knowingly and intelligently made, Petitioner's

28   original chargers were reinstated by the trial court, and he is currently being held in state

custody by state authorities as a pretrial detainee.  However, none of Petitioner's grounds for relief establish any impropriety with regard to his state custody as a pretrial detainee.

**Accordingly**,

**IT IS HEREBY ORDERED** adopting the Report and Recommendation of the Magistrate Judge (Dkt. #38) as the order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is DENIED.  (Dkt. #1).

**IT IS FURTHER ORDERED** that Petitioner's Motion for Request for Transfer is DENIED as moot.  (Dkt. #27).

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss, or in the alternative Motion for Summary Judgment, is DENIED as moot.  (Dkt. #32).

DATED this 24th day of March, 2009.

_____

Mary H. Murguia
United States District Judge

- 3 -